UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALL YOUR MOTHER CORPORATION, a Delaware corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BUBBIES BAGELS LLC, a New Jersey limited liability company,<br><br>　　　　　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>2. **FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125)**<br>3. **NEW JERSEY STATUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (N.J.S.A. 56:3-13.16 et seq. and N.J.S.A. 56:4-1)**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR TRIAL BY JURY** |

**NATURE OF THE ACTION**

1.　　Plaintiff owns the federally-registered trademarks for CALL YOUR MOTHER, and holds the exclusive rights to use the CALL YOUR MOTHER marks in the United States in connection with coffee, delicatessen, and restaurant services. Plaintiff brings this action for trademark infringement, false designation of origin, unfair competition, and related state and common law violations arising from Defendant's unauthorized adoption and use of the confusingly similar designation "CALL YOUR BUBBI" in connection with bagels, delicatessen, and restaurant services. Defendant's use of "CALL YOUR BUBBI" trades on Plaintiff's CALL YOUR MOTHER marks, business, and goodwill, is likely to cause consumer confusion and deception, and irreparably harms Plaintiff's brand, reputation, and control over its marks. Despite receiving

a written cease and desist letter, Defendant ignored the letter and has failed to cease its infringing conduct, necessitating this action.

## THE PARTIES

2. Plaintiff Call Your Mother Corporation is a Delaware corporation having a principal place of business at 3301 Georgia Avenue NW, Washington, DC 20010.

3. Defendant Bubbies Bagels LLC is a New Jersey limited liability company having a principal place of business in this District located at 110 Ocean Avenue, Long Branch, NJ 07740.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because claims herein arise out of federal trademark laws as codified in 15 U.S.C. §§ 1114 and 1125 (i.e., federal trademark infringement, false designation of origin, and unfair competition).

5. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) in that the New Jersey common law and state law claims arise directly from the common nucleus of operative facts set forth in the claim arising in federal question jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) both because Defendant is subject to personal jurisdiction in this District and because a substantial part of the events or omissions by Defendant giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 6 above, as though fully set forth herein.

### Background on Plaintiff Call Your Mother Corporation

8. Daniela Moreira and Andrew Dana created the CALL YOUR MOTHER Marks and brand by selling their coffee, bagels, and related foods at farmer's markets in Washington, DC.

9. In creating the CALL YOUR MOTHER brand, Ms. Moreira and Mr. Dana wanted to combine their distinct heritages with their shared love and commitment to high-quality food.

10. Mr. Dana is Jewish and sought to create a brand that was inspired by the nostalgia of his Jewish family traditions, while Ms. Moreira brought eclectic food from her Argentinian background to give the CALL YOUR MOTHER brand and the food served thereunder a playful and distinct twist.

11. Ms. Moreira and Mr. Dana are highly committed to using the highest-quality ingredients and making the best-tasting food around. Everything is made in-house; and if not, Plaintiff sources ingredients from well-established, organic farmers and producers.

12. Through their hard work, Plaintiff is now well-known as a bagel shop that blends traditional Jewish deli staples with modern twists. Its menu is built around hand-rolled, wood-fired bagels that come in a variety of flavors and seasonal specials.

13. Ms. Moreira and Mr. Dana have invested extensive effort, time, and money in marketing, promoting, and building the CALL YOUR MOTHER brand. The company promotes and sells its coffee, bagels, deli, and restaurant services through its website

www.callyourmother.com, as well as through social media platforms such as Facebook, TikTok, and Instagram, where its @callyourmotherdeli account has over 93,400 followers.

14. Growing in popularity in the region, Ms. Moreira and Mr. Dana opened Plaintiff's flagship shop in the Park View neighborhood in Washington, DC in the Fall of 2018.

15. Thorough their relentless hard work and dedication to high-quality foods, Plaintiff's one-location, flagship became a neighborhood hit.

16. Since then, Plaintiff has expanded and opened up 18 locations, not only throughout Washington, DC, but also in Maryland, Virginia, and Colorado. Plaintiff is also working to open up an additional location in Florida, with other shops coming soon.

17. What started off as a small, one-shop operation quickly evolved into a multi-location, nationwide, beloved Jewish deli brand.

18. As a direct result of these efforts, Plaintiff has rapidly grown to a favorite Jewish deli brand. It is a cult favorite in its operating neighborhoods, with the Georgetown location being the first restaurant visited by President Joe Biden after his inauguration in January 2021. It has been the recipient of many awards, including recognition as one of America's best new restaurants by *Bon Appétit* in 2019 and again in 2023 for having one of the best bagels in the United States.

**Call Your Mother Corporation's Trademark Rights**

19. Plaintiff exerts great efforts to promote and preserve its brand, including by seeking U.S. trademark and service mark registrations for the goods and services it provides.

20. Plaintiff owns all exclusive rights, title, and interest in and to its namesake "CALL YOUR MOTHER" mark, and is the owner of the following trademark registrations in the United States (collectively, the "CALL YOUR MOTHER Marks"):

| Mark | Reg. No. | Class + Goods/Services |
|---|---|---|
| **CALL YOUR MOTHER** | 5759456 | CL 30: coffee<br><br>CL 43: café services; delicatessen services; restaurant services; providing of food and drink via a mobile truck |
| *[CALL YOUR MOTHER circular logo]* | 5759457 | CL 30: coffee<br><br>CL 43: café services; delicatessen services; restaurant services; providing of food and drink via a mobile truck |
| **CALL YOUR MOTHER A JEW-ISH DELI** | 6097054 | CL 43: café services; delicatessen services; restaurant services; providing of food and drink via a mobile truck |
| *[CALL YOUR MOTHER = A JEW-ISH DELI = circular logo]* | 6097055 | CL 43: café services; delicatessen services; restaurant services; providing of food and drink via a mobile truck |

True and correct copies of Plaintiff's certificates of registration from the United States Patent and Trademark Office's ("USPTO") Trademark Status and Document Retrieval System ("TSDR") are attached hereto as **Exhibit A**, and incorporated by reference herein.

21.   Plaintiff's registrations for the CALL YOUR MOTHER Marks are valid, subsisting, and conclusive evidence of Plaintiff's exclusive right to use the CALL YOUR MOTHER Marks in connection with coffee, delicatessen, and restaurant services; and for those goods and services within the zone of natural expansion.

22. Plaintiff has expended large sums of money in developing, advertising, and promoting its goods and services bearing the CALL YOUR MOTHER Marks throughout the United States. Continuously and without interruption, beginning at least as early as May 1, 2018, Plaintiff has expended a great deal of time, effort, and money in the promotion of the CALL YOUR MOTHER Marks. The relevant consuming public unequivocally recognizes and associates coffee, delicatessen, and restaurant services bearing the CALL YOUR MOTHER Marks as high-quality goods and services connected with or offered by Plaintiff. The CALL YOUR MOTHER Marks have valuable goodwill and consumer recognition associated with it and has come to symbolize the valuable goodwill and reputation of Plaintiff.

### Defendant's Infringement of the CALL YOUR MOTHER Brand

23. Notwithstanding Plaintiff's prior and well-established common law and federal statutory rights in the CALL YOUR MOTHER Marks, and with at least constructive notice of the federal registrations under 15 U.S.C. § 1072, Defendant adopted and used the confusingly similar "CALL YOUR BUBBI" mark in connection with coffee, delicatessen, and restaurant services.

24. "CALL YOUR BUBBI" is confusingly similar in appearance, sound, cadence, structure, meaning, and overall commercial impression to the CALL YOUR MOTHER Marks. Both phrases begin with the identical imperative wording "CALL YOUR," and each concludes with a familial referent that conveys a similar connotation, evoking the same distinctive, memorable, and source-identifying impression in the marketplace. Defendant's use of the "CALL YOUR BUBBI" mark in connection with overlapping goods and services that are offered to the same consumers and through similar channels of trade creates a likelihood of consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or endorsement.

25. Indeed, in Jewish culture, the terms "MOTHER" and "BUBBI" both denote a caring and nurturing Jewish matriarch. The term "BUBBI" commonly refers to a Jewish grandmother. For Jewish delis – whose brand narratives often center on tradition, comfort, and family recipes – both marks evoke the same core idea – a warm and loving (but also somewhat instructive or scolding) prompt to call your mother or grandmother, and to grab some coffee and bagels while you are at it.

26. Defendant operates a coffee shop and Jewish deli in Long Branch, New Jersey. Its general partner, David Mizrahi, incorporated Bubbies Bagels LLC in or around March 2024. Sometime thereafter, Defendant started to use the confusingly similar "CALL YOUR BUBBI" mark in connection with coffee, delicatessen, and restaurant services.

27. Among other things, Defendant promotes its goods and services on the website located at www.bubbibagels.com as well on its respective social media accounts on Facebook, Instagram, and TikTok. Defendant uses the "CALL YOUR BUBBI" mark throughout its retail location, website, and marketing efforts.

28. In or around August 2025, Plaintiff discovered that Defendant was using the confusingly similar "CALL YOUR BUBBI" mark in connection with coffee, delicatessen, and restaurant services.

29. On August 8, 2025, Plaintiff sent a cease-and-desist letter notifying Defendant that it was in clear violation of Plaintiff's intellectual property rights. Plaintiff demanded that Defendant promptly: (i) cease and desist from all use of the CALL YOUR BUBBI mark, or any other mark that was confusingly similar to Plaintiff's CALL YOUR MOTHER Marks; (ii) remove all references to "CALL YOUR BUBBI" on the website www.bubbibagels.com and from all advertising, promotional, and marketing materials; and (iii) refrain from adopting or using any

-8-

other mark that is confusingly similar to Plaintiff's CALL YOUR MOTHER Marks in the future. A true and correct copy of the cease-and-desist letter dated August 8, 2025 is attached as **Exhibit B** and is incorporated by reference.

30. Defendant did not respond to or even acknowledge Plaintiff's cease-and-desist letter.

31. Defendant's acts were and are willful and intended to trade on Plaintiff's reputation and goodwill and to cause confusion and deception in the marketplace.

32. On or around August 26, 2025, counsel for Plaintiff called the phone number listed on Defendant's website www.bubbibagels.com and spoke to an adult male. Counsel asked the individual for the contact information for Mr. Mizrahi, but the person abruptly hung up the phone without proving the information.

33. Defendant again ignored Plaintiff's intellectual property infringement concerns, and to date, Defendant has not responded to Plaintiff's cease-and-desist letter, phone call, or concerns.

34. Instead, Defendant knowingly and willfully continues to infringe upon Plaintiff's trademarks with no remorse whatsoever and in reckless disregard of Plaintiff's intellectual property rights.

35. Defendant's adoption of and use of the confusingly similar "CALL YOUR BUBBI" mark in connection with coffee, delicatessen, and restaurant services has caused and is likely to cause further confusion, mistake, or deception as to the source, affiliation, or sponsorship of such goods and services. Ordinary consumers in the United States who encounter Defendant's goods and services are likely to mistakenly believe that such goods and services emanate from, are related to, or are otherwise authorized, sponsored, or endorsed by Plaintiff.

36. Defendant has infringed on Plaintiff's rights in the CALL YOUR MOTHER Marks by intentionally causing public confusion and deception, misleading consumers as to the true source of Defendant's goods and services and suggesting a false affiliation or sponsorship between Plaintiff and Defendant where none exists.

37. Upon information and belief, Defendant will not stop such infringing and unlawful activities unless and until enjoined by the Court.

38. Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's unlawful, deceptive, and unfair conduct alleged herein.

39. For all of these reasons, Plaintiff is compelled to initiate this lawsuit and seek relief from the Court.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

40. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 39 above, as though fully set forth herein.

41. Defendant's unauthorized use in commerce of the confusingly similar "CALL YOUR BUBBI" mark in connection with goods and services identical to those covered by Plaintiff's CALL YOUR MOTHER Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods and services.

42. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's CALL YOUR MOTHER Marks, business, reputation, and goodwill.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages to its valuable CALL YOUR MOTHER Marks, and other damages to be proven at trial.

45. Defendant's infringement of Plaintiff's CALL YOUR MOTHER Marks is willful and deliberate, and constitutes a knowing use of the CALL YOUR MOTHER Marks as well as an exceptional case within the meaning of 15 U.S.C. § 1117(b).

46. Plaintiff has no adequate remedy at law as monetary damages alone are inadequate to compensate Plaintiff for the injuries caused by Defendant to Plaintiff's trademarks, business, reputation, and goodwill.

47. Plaintiff is entitled to permanent and injunctive relief, as well as an award of Defendant's profits, actual damages, enhanced profits or damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125)**

48. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 47 above, as though fully set forth herein.

49. Defendant's use of "CALL YOUR BUBBI" in commerce on and in connection with bagels, delicatessen, and restaurant services constitutes use of a false designation of origin and false or misleading description or representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

50. In particular, Defendant's use of the instructive "CALL YOUR" and "BUBBI" plays off of Plaintiff's CALL YOUR MOTHER Marks and suggests that Defendant is affiliated

with, sponsored by, or somehow connected to (e.g., a sub-brand) of Plaintiff.

51. Defendant's conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages to its valuable CALL YOUR MOTHER Marks, and other damages to be proven at trial.

53. Defendant's conduct is willful and deliberate, and is an exceptional case within the meaning of 15 U.S.C. § 1117(b).

54. Plaintiff has no adequate remedy at law as monetary damages alone are inadequate to compensate Plaintiff for the injuries caused by Defendant to Plaintiff's trademarks, business, reputation, and goodwill.

55. Plaintiff is entitled to injunctive relief, an award of damages, Defendant's profits, costs, attorneys' fees in this exceptional case, and such further relief as permitted by 15 U.S.C. §§ 1116 and 1117.

## THIRD CLAIM FOR RELIEF

**(New Jersey Statutory Trademark Infringement and Unfair Competition – N.J.S.A. 56:3-13.16 et seq.; N.J.S.A. 56:4-1)**

56. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 55 above, as though fully set forth herein.

57. Defendant's unauthorized use of "CALL YOUR BUBBI" in connection with the advertising and sale of bagels, delicatessen, and restaurant services constitutes trademark infringement and unfair competition under the New Jersey Trademark Act and New Jersey's unfair competition statute, including N.J.S.A. 56:3-13.16 et seq. and N.J.S.A. 56:4-1.

58. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law. Plaintiff, therefore, is entitled to injunctive relief, damages, Defendant's profits, costs, and such other relief as permitted by New Jersey law.

59. Defendant's conduct is willful and has caused and will continue to cause irreparable injury to Plaintiff's business, reputation, and goodwill. Plaintiff is entitled to injunctive relief, an award of damages, Defendant's profits, costs, attorneys' fees, and such further relief as permitted by law.

### FOURTH CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

60. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 59 above, as though fully set forth herein.

61. Defendant's unauthorized use of "CALL YOUR BUBBI" constitutes common law trademark infringement, is likely to cause confusion, mistake, or deception, and has caused and will continue to cause irreparable harm to Plaintiff's rights and goodwill. Plaintiff is entitled to injunctive relief, damages, Defendant's profits, punitive damages where appropriate, costs, and any other relief permitted by law.

62. Defendant's conduct constitutes common law unfair competition, including passing off and misappropriation of Plaintiff's goodwill, and is likely to cause consumer confusion, mistake, and deception.

63. Defendant's acts were willful and have caused and will continue to cause irreparable harm to Plaintiff. Plaintiff is entitled to injunctive relief, damages, Defendant's profits, punitive damages where appropriate, costs, and any other relief permitted by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant, as follows:

A. Declaring that Defendant has infringed Plaintiff's federally registered CALL YOUR MOTHER Marks in violation of 15 U.S.C. § 1114(1) and engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

B. Declaring that Defendant has violated the New Jersey Trademark Act, N.J.S.A. 56:3-13.16 et seq., the New Jersey unfair competition statute, N.J.S.A. 56:4-1;

C. Declaring that Defendant has infringed Plaintiff's CALL YOUR MOTHER Marks and unfairly competed with Plaintiff under New Jersey common law;

D. Permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the injunction, from:

    i. Using "CALL YOUR BUBBI" or any other mark, name, or designation that is confusingly similar to the CALL YOUR MOTHER Marks in connection with any goods or services;

    ii. Committing any acts likely to cause consumers to believe that Defendant, or Defendant's goods or services, are associated or affiliated with, sponsored by, or approved by Plaintiff;

    iii. Otherwise infringing the CALL YOUR MOTHER Marks or diluting their distinctiveness; and

    iv. Engaging in unfair competition or false designation of origin with respect to Plaintiff;

      v.    Ordering Defendant to deliver up for destruction, at Defendant's cost, all labels, signs, prints, packages, wrappers, receptacles, advertisements, promotional materials, website content within Defendant's control, and any other materials in its possession, custody, or control that bear or display "CALL YOUR BUBBI" or any other confusingly similar mark;

E.    Ordering Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after service of the injunction, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

F.    Awarding Defendant's profits, Plaintiff's actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a), and enhancing such award as the Court finds just based on the willful nature of Defendant's conduct;

G.    Declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

H.    Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

I.    Awarding Plaintiff punitive and exemplary damages on its state and common law claims to the extent permitted by law; and

J.    Awarding such other and further relief as the Court deems just and proper to prevent the public and trade from deriving the false impression that Defendant's goods or services are associated with, sponsored by, approved by, or otherwise connected with Plaintiff.

**BLANK ROME LLP**

Dated: November 18, 2025        By: */s/ Matthew A. Homyk*

-15-

        Matthew A. Homyk
        matthew.homyk@blankrome.com
        Victoria Ortega (Pro Hac Vice)
        victoria.ortega@blankrome.com
        Jillian M. Taylor
        jillian.taylor@blankrome.com
        One Logan Square
        130 N. 18th Street
        Philadelphia, PA 19103
        Telephone: (215) 569-5000
        Facsimile: (215) 569-5001

        *Attorneys for Plaintiff*

-16-

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of the claims alleged in this Complaint.

**BLANK ROME LLP**

Dated: November 18, 2025

By: */s/ Matthew A. Homyk*
Matthew A. Homyk
matthew.homyk@blankrome.com
Victoria Ortega (Pro Hac Vice)
victoria.ortega@blankrome.com
Jillian M. Taylor
jillian.taylor@blankrome.com
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5000
Facsimile: (215) 569-5001

*Attorneys for Plaintiff*